

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| CHRISANDRA ALLEN<br>25221 Euclid Avenue<br>Euclid, OH 44117<br><br>Plaintiff,<br><br>vs.<br><br>LVNV FUNDING, LLC<br>c/o CT Corporation System, Statutory Agent<br>75 Beattie Place<br>Greenville, SC 29601<br><br>and<br><br>HSBC NORTH AMERICA, INC.<br>a.k.a. HSBC BANK USA, NA<br>c/o CT Corporation System, Statutory Agent<br>1300 East Ninth Street<br>Cleveland, OH 44114<br><br>Defendants. | CASE NO.:<br><br>Complaint<br>STEVEN J TERRY<br>CV 08 661755<br><br>COMPLAINT FOR MONEY<br>DAMAGES AND OTHER<br>RELIEF |

Now comes Plaintiff, by and through her undersigned counsel, and for her claims against Defendants states as follows:

1. Plaintiff Chrisandra Allen ("Plaintiff") is an individual residing in Cuyahoga County, Ohio.

2. Defendant LVNV Funding, LLC ("LVNV"), upon information and belief, is in the business of collecting consumer debt.

3. Defendant HSBC North America, Inc., a.k.a., HSBC Bank USA, NA ("HSBC") upon information and belief, is a banking institution that also issues credit card accounts to consumers.

4. Defendants have been supplying certain false, misleading and derogatory information to various credit reporting agencies concerning Plaintiff's account. In particular, Defendants have reported that Plaintiff owes in excess of $2,000.00 on an alleged account.

CV08661755       51992710

5. Despite requests for an itemization of the alleged account, LVNV has failed and refused to provide same.

6. Despite the fact that Plaintiff does not owe Defendants an amount in excess of $2,000.00, Defendants have falsely reported said amounts to the various credit bureaus and are showing derogatory information on Plaintiff's credit report related to this alleged account.

7. Despite the invalidity of the debt and Plaintiff's requests to have Defendants correct the inaccurate information by notifying all credit reporting agencies, Defendants failed and refused to do so and, upon information and belief, have continued to supply credit reporting agencies with false, misleading and derogatory information.

## COUNT I: DEFAMATION

8. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

9. Defendants made false and malicious publications against Plaintiff with an intent to injure Plaintiff's reputation, or to expose her to public contempt, ridicule, shame, or disgrace or to affect her injuriously in her trade, business or profession.

10. Plaintiff has been damaged by Defendants' defamation, and will continue to be damaged, until such matters are fully corrected.

11. Despite notice received by Defendants and from Plaintiff to correct the account and to discontinue such supply of defamatory information, Defendants failed and refused to do so.

12. Defendants' defamation is the cause-in-fact and proximate cause of the damages suffered by Plaintiff, which includes loss of credit, damage to reputation, trade, and business, in addition to further damages set forth at or before the end of this Complaint.

## COUNT II: VIOLATIONS OF FAIR CREDIT REPORTING ACT ("FCRA")

13. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

14. Pursuant to the provisions of the Fair Credit Reporting Act ("FCRA"), Section 1681 et seq., Title 15, U.S.Code, upon notification by Plaintiff to

2

Defendants that certain information it was reporting was inaccurate, Defendants had a duty to investigate such inaccurate reporting of information and to correct any inaccuracies.

15. Defendants willfully and/or negligently failed and/or refused to correct the false and misleading information reported, as set forth above.

16. Based upon the above cited willful and/or negligent violations of the FCRA, Plaintiff seeks damages against Defendants, in an amount set forth at or before the end of this Complaint, in addition to punitive damages and reasonable attorneys' fees as provided in said Act.

## COUNT III: VIOLATION OF FAIR DEBT COLLECTIONS PRACTICES ACT ("FDCPA")

17. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

18. Pursuant to the provisions of the Fair Debt Collections Practices Act ("FDCPA"), Section 1692(e)(2), LVNV had a duty to refrain from making false representations concerning the amount or legal status of any debt, or using false information to collect the debt and from collecting any amount unless such amount is expressly permitted by law.

19. LVNV violated the provisions of the FDCPA by intentionally and/or negligently supplying the various credit reporting agencies with the false information, as set forth above and by collecting the debt not permitted by law.

20. Based upon the above cited willful and/or negligent violations of the FDCPA, Plaintiff seeks damages against LVNV in an amount set forth at or before the end of this Complaint, in addition to punitive damages and attorneys' fees as provided in said Act.

## COUNT IV: CONSUMER SALES PROTECTION ACT ("CSPA")

21. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

22. By violating the FCRA and the FDCPA, LVNV has violated the CSPA. (See *Liggins v. May Company* (1977), 53 Ohio Misc. 21, 373).

23. By violating the FCRA, and the FCBA, as described hereunder, Best Buy has violated the CSPA.

24. As a result of Defendants' violations of the CSPA, Plaintiff is entitled to compensatory damages, treble damages and attorney's fees.

## COUNT V: FAIR CREDIT BILLING ACT ("FCBA")

25. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

26. Pursuant to the provisions of the Fair Credit Billing Act ("FCBA"), Section 1666, HSBC had a duty to investigate Plaintiff's allegations of billing errors and to respond to Plaintiff in writing, regarding Plaintiff's concerns.

27. HSBC violated the provisions of the FCBA by intentionally and/or negligently failing to conduct a complete investigation, failing to provide a meaningful written response to Plaintiff, and in failing to correct the billing errors reported.

28. Based upon the above cited willful and/or negligent violations of the FCBA, Plaintiff seeks damages against HSBC, in an amount set forth at or before the end of this Complaint, in addition to punitive damages and attorneys' fees as provided in said Act.

## COUNT VI: NEGLIGENCE

29. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

30. Defendants had a duty to keep and report accurate information regarding the status of Plaintiff's alleged account.

31. Defendants violated this duty by negligently supplying the various credit reporting agencies with the false and derogatory information, as set forth above.

32. Plaintiff has been damaged by Defendants' negligence, and will continue to be damaged, until such matters are fully and completely resolved.

33. Despite notice received from Plaintiff to discontinue the supply of such false information, Defendants have failed and/or refused to fully correct the credit bureau reports, necessitating this action.

4

34. Defendants' negligence is the cause-in-fact and proximate cause of the damages suffered by Plaintiff, which includes loss of credit, damage to reputation, trade, and business, in addition to further damages set forth at or before the end of this Complaint.

35. Based upon the above cited negligence of Defendants, Plaintiff seeks damages against Defendants, in an amount set forth at or before the end of this Complaint, in addition to punitive damages and reasonable attorneys' fees as may be provided for under Ohio law.

WHEREFORE, Plaintiff Chrisandra Allen prays for judgment against Defendants, jointly and severally, in the amount of $25,000.00, and for punitive damages, compensatory damages, consequential and incidental damages, reimbursement for all reasonable attorneys' fees expended, along with the affirmative relief that Defendants be ordered to immediately act to correct all false, inaccurate, incorrect and misleading information contained within the reports of all credit reporting companies, in addition to any further relief as this Honorable Court shall find, make, and Order in this Cause, with all Court and Litigation costs of this action to be assessed against Defendants.

ROBERT J. WILLIS (0062740)
GENE M. LIM (0059104)
Petronzio Schneier Co., LPA
5001 Mayfield Rd., Ste. 201
Lyndhurst, Ohio 44124
(216) 381-3400
(216) 381-3865 *fax*
*rwillis@core.com*
*glim@core.com*
Attorneys for Plaintiff

5

**SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**
**CLEVELAND, OHIO 44113**

| CASE NO. CV08661755 | D2 CM | SUMMONS NO. 12198052 |
|---|---|---|

Rule 4 (B) Ohio

Rules of Civil Procedure

CHRISANDRA ALLEN
VS
LVNV FUNDING, LLC, ET AL

PLAINTIFF

DEFENDANT

## SUMMONS

HSBC NORTH AMERICA, INC
AKA HSBC BANK USA NA
CHURCHMAN S CORPORATE CENTER
90 CHRISTIANA ROAD

NEW CASTLE DE 19720-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



**Plantiff's Attorney**

ROBERT J WILLIS
5001 MAYFIELD ROAD, SUITE 201

LYNDHURST, OH 44124-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

STEVEN J TERRY
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

By_____
Deputy

| DATE |
|---|
| Jun 25, 2008 |

COMPLAINT FILED    06/10/2008

CMSN130



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

UNITED STATES POSTAL SERVICE

• Sender: Please print your name, address, and ZIP+4 in this box •

GERALD E FUERST
CLERK OF COURTS
1200 ONTARIO STREET
CLEVELAND OH 44113-1664



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

● Sender: Please print your name, address, and ZIP+4 in this box ●

GERALD E FUERST
CLERK OF COURTS
1200 ONTARIO STREET
CLEVELAND OH 44113-1664

JUN 19 2008

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:
**Charles E. McDonald, Jr.
Special Assistant Secretary
CT Corporation System**

3. Service Type
☒ Certified Mail

4. Restricted Delivery? (Extra Fee) ☐ Yes

TERRY CV08661755D1
354-1314

1. Article Addressed to:
LVNV FUNDING LLC
C/O CT CORPORATION SYSTEM,
STAT AGT
75 BEATTIE PLACE
GREENVILLE SC 29601-00

2. Article Number
(Transfer from service label)
12128353

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

UNITED STATES POSTAL SERVICE

• Sender: Please print your name, address, and ZIP+4 in this box •

GERALD E FUERST
CLERK OF COURTS
1200 ONTARIO STREET
CLEVELAND OH 44113-1664